IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOLITA A. WILBURN, D.C., P.C. d/b/a BACK TO HEALTH CHIROPRACTIC MEDICAL CENTER, an Illinois Professional Corporation, and URBAN ELEVATOR SERVICE, LLC, an Illinois limited liability company, individually and as the representatives of a class of similarly-situated persons,<br><br>    Plaintiffs,<br><br>  v.<br><br>CFN CAPITAL LLC d/b/a CAPITAL FUNDS NETWORK, DANIEL KATZ, and JOHN DOES 1-12,<br><br>    Defendants. | No. 15-cv-07379<br><br>Hon. Manish S. Shah |

## NOTICE OF VOLUNTARY DISMISSAL

Plaintiffs, Lolita A. Wilburn, D.C., P.C. d/b/a Back to Health Chiropractic Medical Center and Urban Elevator Service, LLC (together, "Plaintiffs"), through their attorneys, pursuant to Fed. R. Civ. P. 41 (a)(1)(a), and, because this action was filed as a class action, Fed. R. Civ. P. 23 (e), hereby gives notice of their voluntary dismissal of this case without prejudice as to their individual claims and without prejudice as to the putative class members' claims, and without taxation of costs. In support, Plaintiffs state as follows:

  1. On August 21, 2015, Plaintiffs filed their class action complaint and motion for class certification in this Court. (Docs. 1, 2).

2.     None of the defendants, CFN Capital LLC d/b/a Capital Funds Network, Daniel Katz, or John Does 1-12, has filed an appearance, answered the complaint or filed a motion for summary judgment.[1]

3.     Although this action was brought as a class action, no class was ever certified, no notice of potential class certification was sent to putative class members, and this case has not received any publicity such that a putative class member would be misled into believing that his rights were being prosecuted in this action. The putative class members would have no reason to rely upon this litigation. *See Buller v. Owner Operator Independent Driver Risk Retention Group, Inc.*, 461 F.Supp.2d 757, 764 (S.D. Ill. 2006) (holding that voluntary dismissals that occur before class certification are outside the scope of Rule 23(e), as amended in 2003, and are instead governed by Rule 41).

4.     Dismissal of the case without prejudice as to the putative class members' claims and without taxation of costs will not affect the rights of any putative class member.

---

[1] On December 23, 2015, Defendant Daniel Katz filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which was never ruled on. (Doc. 13). Mr. Katz's motion to dismiss does not impede Plaintiffs' right to voluntarily dismiss this action, because the motion to dismiss is not an answer or a motion for summary judgment. *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) ("Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1)."); *see also Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002) (holding plaintiffs' dismissal without prejudice, under Rule 41(a)(1), proper where defendants had filed a Rule 12 motion to dismiss).

WHEREFORE, Plaintiffs request the Court enter this notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41 (a) (1) (a) and Fed. R. Civ. P. 23 (e), dismissing this action without prejudice as to Plaintiff's individual claims, without prejudice as to the putative class members' claims and without taxation of costs.

June 13, 2016                                   Respectfully submitted,

LOLITA A. WILBURN, D.C., P.C. d/b/a BACK TO HEALTH CHIROPRACTIC MEDICAL CENTER, an Illinois professional corporation, and URBAN ELEVATOR SERVICE, LLC, an Illinois limited liability company,

/s/ Julia L. Titolo
*One of Their Attorneys*

Phillip A. Bock
James M. Smith
Julia L. Titolo
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL  60602
Telephone:  312-658-5500

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that, on June 13, 2016, s/he filed the foregoing *Notice of Dismissal* using the Court's CM/ECF system, which automatically serves a copy upon all counsel of record. Pursuant to Rule 5 of the Federal Rules of Civil Procedure, no service is required on a party who is default for failing to appear. Fed. R. Civ. P. 5(a)(2).

/s/ Julia L. Titolo